IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re ADRIAN GARCIA,<br><br>Debtor. | Chapter 7<br><br>Case No. 12-12443-DPC<br><br>(Not for Publication- Electronic Docketing ONLY) |
| WILLIAM E. PIERCE, CHAPTER 7 TRUSTEE,<br><br>Movant,<br>v.<br><br>ADRIAN GARCIA,<br><br>Respondent. | MEMORANDUM DECISION |

## I. INTRODUCTION

Debtor filed his chapter 13 petition on June 4, 2012. The case was converted to chapter 7 on September 6, 2012 upon debtor's motion, and the chapter 7 Trustee was appointed. On November 16, 2012, Trustee's appointed counsel filed an objection to an exemption claimed by the debtor in a vehicle, a 2010 Volkswagen Toureg (the "Vehicle").[1] The Trustee objected to the exemption because the Trustee plans to use his avoidance powers to void the lien on the

---

**1.** Trustee initially objected to Debtor's claim of California exemption law rather than Arizona exemption law but the Court determined that, per § 522(b)(3), California exemption law applies and the Trustee apparently concedes that point now.

1

vehicle, recover the vehicle as property of the estate, and utilize any resulting sale proceeds as property of the estate per § 551. Debtor filed a Response to the objection on December 10, 2012. In the Response, debtor argues that the lender that financed the Vehicle did not have a security interest, meaning that the Trustee would have no lien to avoid and § 551 would not apply to bring the Vehicle into the estate.

The Court[2] conducted a hearing on the matter on February 25, 2013 and ordered Trustee's counsel to supplement the record with appropriate case law. In this Memorandum Decision, the Court has set forth its findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure. The issues addressed herein constitute a core proceeding over which this Court has jurisdiction. 28 U.S.C. §§ 1334(b) and 157(b) (West 2013).

## II. DISCUSSION

In his Objection to Exemptions and supplement thereto, the Trustee argues that the avoidance of the lien on the Vehicle preserves the lien for the benefit of the estate over the debtor's claimed exemption. In re Glass, 60 F.3d 565 (9th Cir. 1995); In re Heintz, 198 B.R. 581 (B.A.P. 9th Cir. 1996). In Heintz, the chapter 13 debtor claimed an exemption of $100,000, well beyond the statutory limit. 198 B.R. at 582 – 83. The debtor converted his case to chapter 11, and the case was later converted to chapter 7. Id. at 583. The trustee took over the preferential avoidance action initiated by the debtor in chapter 11 in order to avoid a lien held by the debtor's brother. Id. The 9th Circuit B.A.P. found that an avoided interest or lien encumbering exempt property is automatically preserved for the benefit of the estate under § 551. 198 B.R. at 584. Furthermore, the Trustee may object to an exemption claimed upon such property by the debtor prior to actually bringing the avoidance action. Glass, 60 F.3d 565 (9th Cir. 1995). When the trustee recovers the property, the debtor may only claim an exemption to the extent that any

---

**2.** Although this case has been assigned to Judge Collins, Judge Curley heard this matter and renders the decision herein.

value exceeds that lien. *See* In re Donahue, 249 B.R. 218 (Bankr. D. Mont. 2000); In re Witt, 273 B.R. 573 (2000); *See also* In re Sullivan, 387 B.R. 353 (B.A.P. 1st Cir. 2008)(allowing the avoidance and preservation of a mortgage for the benefit of the estate superior to the debtor's homestead exemption).

In his Response, debtor relies on In re Mingo for the proposition that the estate does not succeed to an "avoided lien" if the lien itself was not valid. 97.2 I.B.C.R. 46 (Bankr. D. Idaho 1997). In Mingo for instance, the court determined that one of the parties did not hold a valid lien because, as a judgment creditor, it had failed to renew the judgment lien by recording a renewal order. Id. at 48. In a similar case, the lender–the father of the debtor–did not have a valid lien because the parties had failed to execute any document establishing a security interest. In re Seibold, 351 B.R. 741 (Bankr. D. Idaho 2006).

Debtor asserts that Mingo and Seibold control because the secured lender's failure to properly perfect its interest in the Vehicle renders the lien invalid. This is incorrect. Failure to comply with the relevant Arizona statutes for perfection of a lien in a vehicle renders the lien unperfected and "not valid *against the creditors* of an owner," but this does not render the lien wholly invalid. *See* A.R.S. § 28-2131; *See, e.g.,* In re GTI Capital Holdings, L.L.C., 2006 WL 6810997 (Bankr. D. Ariz. 2006); First Nat. Bank of Arizona v. Carbajal, 132 Ariz. 263, 645 P.2d 778 (1982). Indeed, the Seibold court makes the distinction clear. That court explained that "[w]ith respect to a motor vehicle, the creation and attachment of a security interest are governed by Article Nine of the Uniform Commercial Code, while perfection of that security interest is governed by the Idaho Vehicle Titles Act." Seibold, 351 at 745. In Arizona, creation of the security interest is similarly governed by the Uniform Commercial Code and perfection by the Arizona Certificate of Title and Registration statute. *See* A.R.S. §§ 28-2131–28-2136; *See, e.g.,* In re GTI Capital Holdings, L.L.C., 2006 WL 6810997; Carbajal, 132 Ariz. 263, 645 P.2d 778. To the extent that the secured lender here executed a valid security agreement but failed to perfect its interest on the certificate of title, In re Mingo does not apply.

3

Pursuant to In re Heintz, the Trustee may pursue an action to avoid the lien on the Vehicle. Should the Trustee prevail on his avoidance action, Section 551 preserves the lien as property of the estate. Any resulting sale proceeds of the Vehicle inure to the bankruptcy estate before the debtor may make any claim of an exemption.

### III. CONCLUSION

Based upon the foregoing, the Court concludes that the Trustee's objection to the exemption is sustained.

The Trustee is directed to lodge an order consistent with the Court's Memorandum Decision.

DATED this 6th day of March, 2013.

_____

Honorable Sarah Sharer Curley
United States Bankruptcy Judge

4